951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steve M. STEPHENS, aka Mose Stephens, Jr., Defendant-Appellant.
 No. 90-5251.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Steve M. Stephens appeals from an order of the district court denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. We affirm.
 
 
 3
 In 1987, Defendant was convicted after a jury trial of conspiracy to possess and distribute heroin and cocaine, conspiracy to impede and impair the collection of federal income taxes, and engaging in a continuing criminal enterprise. In 1990, the district court vacated and dismissed the sentence imposed on the conviction for conspiracy to possess and distribute heroin and cocaine, finding that to be a lesser included offense of the continuing criminal enterprise conviction.
 
 
 4
 In this, his second § 2255 motion presented to the district court, Defendant alleged ineffective assistance of counsel in five "specific" though unidentified areas. Defendant appears to theorize that counsel was ineffective because in his prior motions filed pursuant to § 2255 and Fed.R.Crim.P. 35, Defendant was allegedly denied relief partially on the grounds that the issues raised therein should have been raised before trial, during trial, or on direct appeal. Defendant also moved for the recusal of the sentencing judge on the ground that the judge had shown a strong bias against him at trial. The court denied both motions holding that they were frivolous and repetitious.
 
 
 5
 On appeal, Defendant expands on his ineffectiveness of counsel claim in what appears to be an attempt to bolster his motion. Defendant argues that counsel was ineffective because (1) his right to a speedy trial under both the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and the Sixth Amendment was violated; (2) evidence of charges lodged against him in California was erroneously admitted; (3) erroneous jury instructions were given regarding the continuing criminal enterprise charge; (4) the complete record was not submitted to this court in his direct appeal; and (5) counsel failed to move for dismissal of the indictment. Defendant also argues his motion seeking recusal was improperly denied because the court's denial without a stated reason proves the court's bias.
 
 
 6
 Defendant's issue regarding the admissibility of evidence of his involvement in drug transactions in 1982 in California, which Defendant argues supports his claim of ineffective assistance, has previously been decided adversely to Defendant by this court. See United States v. Stephens, Unpublished No. 87-1396 (10th Cir. filed Jan. 27, 1988); Stephens v. Blodget, Unpublished No. 89-5180 (10th Cir. filed Apr. 27, 1990). This court's holding that that issue was without merit is now the law of the case and cannot support a claim of ineffective counsel.
 
 
 7
 Defendant presented his speedy trial issues pro se to the district court. The district court denied relief. See R.Vol. IX, tab. 323, District Court's Order of September 19, 1990. Defendant did not appeal that order to this court. Therefore, the district court's determination is now the law of the case and speedy trial issues cannot be raised again under the guise of an ineffective assistance claim.
 
 
 8
 The remaining issues raised by Defendant have not been properly presented to the district court. Generally, we will not decide issues not previously presented to the district court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976); United States v. Rantz, 862 F.2d 808, 811 (10th Cir.1988), cert. denied, 489 U.S. 1089 (1989). We do not find here any exceptional circumstances justifying departure from this practice. See Hormel v. Helvering, 312 U.S. 552, 556-57 (1941).
 
 
 9
 None of the issues urged by Defendant support his argument that counsel was ineffective. Under the circumstances here, this court's prior adverse rulings do not in any manner implicate the effectiveness of counsel.
 
 
 10
 Defendant argues that the trial judge erred in not recusing because he demonstrated prejudice against Defendant. Defendant's statements of conclusions, beliefs, and opinions in support of his motion are insufficient to show prejudice. See Glass v. Pfeffer, 849 F.2d 1261, 1267 (10th Cir.1988). Further, adverse rulings are not grounds for recusal. Id. at 1268. The trial judge did not abuse his discretion in refusing to recuse. Id.
 
 
 11
 Defendant's petition to proceed in forma pauperis in this court is GRANTED. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3