**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MOSE STEPHENS, JR., a/k/a Steve
M. Stephens,
          *Plaintiff-Appellant,*

          v.

AL HERRERA, Warden; UNITED
STATES OF AMERICA,
          *Defendants-Appellees.*

No. 04-56232

D.C. No.
CV-03-06190-SHS

OPINION

Appeal from the United States District Court
for the Central District of California
Suzanne H. Segal, Magistrate Judge, Presiding

Submitted February 6, 2006*
Pasadena, California

Filed September 13, 2006

Before: Harry Pregerson, William A. Fletcher, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge William A. Fletcher

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

11279

**COUNSEL**

Mose Stephens, Jr., pro se, Lompoc, California, Gerson Simon, Los Angeles, California, for the appellant.

Elyssa Getreu, Office of the United States Attorney, Los Angeles, California, for the appellees.

**OPINION**

W. FLETCHER, Circuit Judge:

Petitioner-appellant Mose Stephens appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. Stephens argues that because the remedy provided by 28 U.S.C. § 2255 is "inadequate or

ineffective" to test his claim of "actual innocence" based on *Richardson v. United States*, 526 U.S. 813 (1999), the district court may entertain his § 2241 petition. We conclude that Stephens has not made a sufficient showing of actual innocence within the meaning of *Bousley v. United States*, 523 U.S. 614, 623 (1998). We therefore affirm the district court's dismissal of Stephens's § 2241 petition.

## I.   Background

In 1987, after a jury trial in federal district court in Oklahoma, Stephens was convicted of (1) conspiring to possess and distribute heroin and cocaine in violation of 21 U.S.C. § 846, (2) conspiring to impede and impair the collection of federal income taxes in violation of 18 U.S.C. § 371, and (3) engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Stephens was sentenced to forty years in prison. In 1988, his conviction was affirmed on direct appeal to the Tenth Circuit.[1]

Stephens filed, and attempted to file, numerous motions under 28 U.S.C. § 2255 in the district court in Oklahoma and in the Tenth Circuit. On June 3, 1988, while his petition for a writ of certiorari on direct review was still pending in the Supreme Court, Stephens filed a motion under 28 U.S.C. § 2255 in the district court. The district court denied the motion as premature. On November 7, 1990, after the Supreme Court denied certiorari, Stephens filed another § 2255 motion. The district court denied the motion, and the Tenth Circuit affirmed in an unpublished opinion. *See United States v. Stephens*, No. 90-5251, 1991 WL 268918 (10th Cir. Dec. 9, 1991). Stephens filed a third § 2255 motion on March 28, 1994. The district court denied the motion on July 25, and directed the clerk of court not to file further motions without

---

[1]Stephens's sentence for his conviction under 21 U.S.C. § 846 was later vacated and dismissed by the district court on the ground that this conviction was for a lesser included offense under § 848.

first obtaining leave of court. Sometime in September 1994 (the docket sheet does not specify the date), Stephens filed an unsuccessful motion in the Tenth Circuit for leave to file a second or successive motion. On September 24, 1994, the district court denied permission to file another § 2255 motion. On June 26, 1997, the district court denied an "appeal" that it characterized as a successive motion under § 2255. On September 21, 2000, Stephens tried to file a § 2255 motion, which the district court transferred to the Tenth Circuit. On January 25, 2001, the Tenth Circuit denied authorization to file the motion.

On August 29, 2003, Stephens filed a petition for habeas corpus in federal district court in California under 28 U.S.C. § 2241. A § 2255 motion must be filed in the district where the defendant was sentenced. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). By contrast, a § 2241 petition must be filed in the district where the petitioner is in custody. *Id*. When Stephens filed his § 2241 petition, he was being held in the United States Penitentiary in Lompoc, California.

In his § 2241 habeas petition, Stephens alleges "actual innocence" based on *Richardson v. United States*, 526 U.S. 813 (1999). He contends the district court has jurisdiction because a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The district court disagreed, dismissing his § 2241 petition for lack of jurisdiction. For the reasons that follow, we affirm.

## II.   Standard of Review

We review de novo the district court's decision to deny a petition under 28 U.S.C. § 2241. *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 981 (9th Cir. 2002). We also review de novo whether a district court has jurisdiction over a § 2241 petition. *See Lucky v. Calderon*, 86 F.3d 923, 925 (9th Cir. 1996).

### III. Discussion

**[1]** The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, *see Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended), and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). The one exception to the general rule is what we have called the "escape hatch" of § 2255. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). The escape hatch permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.' " *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam) (quoting § 2255).

**[2]** As described above, Stephens has filed multiple unsuccessful § 2255 motions in federal district court in Oklahoma. In order to file another § 2255 motion, he must first obtain authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(2) and (3). A court of appeals may authorize a second or successive § 2255 motion only if (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2244(b)(2).

**[3]** The claim Stephens seeks to present in his § 2241 motion is that his jury was given an erroneous instruction under 21 U.S.C. § 848. The instruction given in Stephens's case did not require the jury to agree unanimously on the

same three acts comprising the "series of violations" necessary to its finding that he had engaged in a "continuing criminal enterprise" within the meaning of § 848. Several years after the Tenth Circuit's 1991 denial of Stephens's § 2255 motion, the Supreme Court held in *Richardson v. United States*, 526 U.S. 813 (1999), that § 848 requires that the jury unanimously agree on the same three acts that comprise the "series of violations." The parties agree that Stephens's *Richardson* claim is a statutory claim that relies neither on a "new rule of constitutional law" nor on "newly discovered evidence." A "second or successive" § 2255 motion is therefore not available to address Stephens's *Richardson* claim. *See United States v. Reyes*, 358 F.3d 1095 (9th Cir. 2004).

Stephens does not argue that the unavailability of a second or successive § 2255 motion automatically allows him to bring a § 2241 petition pursuant to the "escape hatch" of § 2255. "[T]he general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective.' " *Lorentsen*, 223 F.3d at 953 (quoting § 2255); *see also Moore*, 185 F.3d at 1055. Rather, Stephens argues that a § 2255 motion is "inadequate or ineffective" because he is seeking to present a claim of "actual innocence."

**[4]** Along with many of our sister circuits, we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim. *Ivy*, 328 F.3d at 1060; *see also Abdullah v. Hedrick*, 392 F.3d 957, 960 (8th Cir. 2004); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Wofford v. Scott*, 177 F.3d 1236, 1244 & n.3 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 609-11 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). We consider these two requirements in reverse order.

**[5]** Stephens satisfies the requirement of not having had an "unobstructed procedural shot" at presenting his claim under *Richardson*. He was convicted in 1987 of violating 21 U.S.C. § 848. The Tenth Circuit denied Stephens's § 2255 motion in 1991. *Richardson* was not decided until eight years later. Because Stephens's *Richardson* claim did not become available until after the Tenth Circuit denied his § 2255 motion, and because that claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, Stephens has not had (and, indeed, will never get) an opportunity to present his *Richardson* claim in a § 2255 motion.

**[6]** However, Stephens cannot satisfy the actual innocence requirement. In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998): "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (internal quotation marks omitted); *see also Lorentsen*, 323 F.3d at 954 (quoting this passage from *Bousley*).

**[7]** A *Richardson* claim is not, by itself, a claim of actual innocence. Rather, it is a claim that the jury has not been told that § 848 requires unanimous agreement on the three particular acts comprising the "series of violations." A jury might conceivably convict an innocent person of violating § 848 because of an instruction given in violation of *Richardson*, but the mere fact of an improper instruction is not sufficient to meet the test for actual innocence. As the Sixth Circuit wrote in *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), "*Richardson* does not render defendants who were convicted of conducting a [continuing criminal enterprise] 'not guilty,' or 'actually innocent,' merely because the trial court gave instructions that did not comply with the rule announced therein[.]"

**[8]** We conclude that while Stephens can show that his jury was improperly instructed under *Richardson*, he cannot satisfy the test for actual innocence articulated in *Bousley*. At trial, the government presented testimony of two of Stephens's alleged co-conspirators. One of them, Sam Williams, testified that Stephens had sold him heroin either eleven or twelve times. The jury could easily have found that each one of these sales was an act constituting a "violation." Stephen argues that his co-conspirators' testimony was unreliable because they were motivated to lie about the supposed sales, and because there was no evidence that the chemicals sold were illegal drugs. However, the evidence against Stephens was sufficiently strong that we cannot conclude that it is more likely than not that no reasonable juror, properly instructed as to the elements of the crime, would have found him guilty under § 848.

## Conclusion

**[9]** Because Stephens has not made out a claim of actual innocence, we conclude that he has not properly invoked the "escape hatch" exception of § 2255 that would permit him to file a petition for habeas corpus under § 2241. We therefore affirm the district court's dismissal of his § 2241 petition for lack of jurisdiction.

AFFIRMED.