**Maudo L. FOFANA, Petitioner— Appellant,**

v.

**Neil CLARK; et al., Respondents— Appellees.**

No. 07–35147.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008.*

Filed Aug. 6, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

433

Maudo L. Fofana, Tacoma, WA, pro se.

Gjon Juncaj, U.S. Department of Justice, Washington, DC, for Respondents–Appellees.

Before: FARRIS, FISHER, and M. SMITH, Circuit Judges.

## MEMORANDUM **

In 2005, an immigration judge (IJ) found Petitioner–Appellant Maudo L. Fofana (Fofana) removable under 8 U.S.C. § 1227(a)(1)(A) because he was inadmissable at the time he entered the United States due to his failure to present a valid entry document. In January 2006, the Board of Immigration Appeals (BIA) dismissed Fofana's appeal of his removal order and his removal order became administratively final. Today, Fofana's appeal of his removal order remains pending before another panel of this court, and Fofana remains in custody[1] under a stay of removal.[2] This appeal arises out of a petition for habeas corpus, in which Fofana

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In sum, Fofana has been in the custody of Immigration and Customs Enforcement (ICE) for over four and a half years as he was initially taken into custody by ICE in December 2004.

2. Though it does not affect our analysis, it is worth noting that this stay of removal has not been in place continuously. At Fofana's request, the stay of removal was lifted on November 16, 2007, and reinstated on January 22, 2008.

challenged his continuing detention while the appeal of his removal order is resolved. The district court dismissed Fofana's habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

We review de novo a district court's decision to deny a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir.2006).

As a preliminary matter, we need not discuss Fofana's argument that Congress does not have the authority to authorize the deportation of aliens. It is well established that Congress has the power to regulate immigration, which includes the power to admit and deport aliens. *See, e.g., Cazarez–Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir.2004).

■ Fofana also contests the legality of his present detention. We conclude that Fofana's detention, though prolonged, is not indefinite. Under *Prieto–Romero v. Clark*, an alien "whose administrative review is complete but whose removal is stayed pending the court of appeals' resolution of his petition for review" is detained under 8 U.S.C. § 1226(a). 534 F.3d 1053, 1058 (9th Cir.2008). Thus, Fofana is currently detained under § 1226(a).[3]

An alien's detention is not indefinite just because it lacks a certain end date. *See Prieto–Romero*, 534 F.3d at 1063–64. Rather, when an alien detained under § 1226(a) faces a "significant likelihood of removal in the reasonably foreseeable future because the government can repatri-

ate him to [another country] if his pending bid for judicial relief from his administratively final removal order proves unsuccessful," continuing detention is statutorily authorized under § 1226(a). *Id.* at 1062.

Here, the government claims that it can remove Fofana to Gambia and submitted a declaration of Immigration and Customs Enforcement (ICE) deportation officer Kathy Makaena to document ICE's successful repatriation to Gambia of numerous Gambian citizens subject to orders of removal. *Cf. id.* at 1063 ("[T]here is no evidence that Prieto–Romero is unremovable because the destination country will not accept him or his removal is barred by our own laws."). Although Fofana argues in his brief that he is not a citizen of Gambia, the district court concluded otherwise and its factual finding was not clearly erroneous. *See Duncan v. Ornoski*, 528 F.3d 1222, 1233 (9th Cir.2008). Fofana testified before the IJ that because his father "was a native Gambian," he was a citizen of Gambia. The Constitution of the Republic of Gambia confirms that Fofana is a citizen of Gambia if his father was a citizen of Gambia by birth.[4] As a result, Fofana "foreseeably remains *capable* of being removed—even if it has not yet finally been determined that he *should be* removed," therefore, the government has an interest in assuring his presence at removal and his continued detention is authorized. *See Prieto–Romero*, 534 F.3d at 1065 (citing *Zadvydas v. Davis*, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001)).

---

**3.** Fofana argues that he was initially detained under 8 U.S.C. § 1226(c) and that his detention under that provision was improper. The court need not address this argument as Fofana misunderstands the authority for his initial detention. Fofana was not initially detained under § 1226(c) as his charge of removability was not based on any of the crimes enumerated in that provision.

**4.** Because Fofana is a citizen of Gambia and the government has submitted evidence that Gambia accepts its citizens who are subject to removal orders, any debate regarding whether Gambia will admit Fofana based on a Gambian passport he obtained with incorrect name and birthdate information is not material to our decision.

To the extent that Fofana claims that he has not received a sufficient individualized determination of the governmental interest in his continued detention, his claim also fails. In *Casas–Castrillon v. Department of Homeland Security,* we held that the prolonged detention of an alien under § 1226(a) "is permissible only where the Attorney General finds such detention individually necessary by providing the alien with an adequate opportunity to contest the necessity of his detention." 535 F.3d 942, 951 (9th Cir.2008).

Here, ICE determined in Fofana's initial custody determination that he should remain in custody and Fofana received a bond determination hearing before an IJ; in January 2005, the IJ concluded that Fofana was a flight risk and a danger to the community. Fofana does not argue that his hearing was deficient in any respect. In March 2005, the BIA affirmed the IJ's denial of bond on the basis that Fofana posed a flight risk. We do not have jurisdiction to review this discretionary decision. *See* 8 U.S.C. § 1226(e).

For these reasons, the district court's dismissal of Fofana's petition for habeas corpus is AFFIRMED.