**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EDGAR MOSQUERA GAMBOA, | No. 09-55431 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00656-DSF-RC |
| v. | |
| JOSEPH NORWOOD, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 6, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA, District Judge.**

Edgar Mosquera Gamboa appeals the district court's dismissal of his habeas

corpus petition under 28 U.S.C. § 2241 for lack of jurisdiction.  We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

In 1993, a jury in the Southern District of Texas convicted Gamboa and his co-defendants of various crimes related to their involvement in a cocaine trafficking operation. Among the charges of which the jury found Gamboa guilty was money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). In 2001, Gamboa filed a habeas corpus petition under 28 U.S.C. § 2255 in the Southern District of Texas, which was denied. On January 28, 2009, Gamboa filed the instant habeas corpus petition under 28 U.S.C. § 2241 in the Central District of California, the district in which Gamboa is serving his life sentence.

We review de novo whether the district court had jurisdiction over Gamboa's 28 U.S.C. § 2241 petition. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Jurisdiction over Gamboa's petition is appropriate if he (1) makes a claim of actual innocence and (2) shows he has not had an unobstructed procedural shot at presenting that claim. *Id.* at 898. Gamboa argues that he is "actually and factually innocent" of the money laundering charge because of a change in the law under *United States v. Santos*, 553 U.S. 507, 128 S. Ct. 2020 (2008). He claims he did not use the illegal profits from the cocaine operation for anything except operating expenses and that, therefore, under *Santos*, the profits are not "proceeds."

The *Santos* case involved an interpretation of the federal money laundering statute in the context of an illegal lottery. *Santos*, 128 S. Ct. at 2022-23. The Court considered "whether the term 'proceeds' in the federal money-laundering statute, 18 U.S.C. § 1956(a)(1), means 'receipts' or 'profits.'" *Id.* at 2022. No opinion in *Santos*, however, garnered a majority of votes. *Id.*

We interpreted *Santos* in *United States v. Van Alstyne*, 584 F.3d 803 (9th Cir. 2009), concluding that "[o]nly the desire to avoid a 'merger problem' united the five justices who held that Santos' payments to winners and runners did not constitute money laundering." *Van Alstyne*, 584 F.3d at 814. Thus, "the holding that commanded five votes in *Santos* [was] that 'proceeds' means 'profits' where viewing 'proceeds' as 'receipts' would present a 'merger' problem of the kind that troubled the plurality and concurrence in *Santos*." *Id.*

Our interpretation of *Santos* in *Van Alstyne* precludes Gamboa's argument of factual innocence. Gamboa was convicted of conspiracy to possess with intent to distribute cocaine and aiding and abetting possession with intent to distribute cocaine along with the money laundering conviction. These crimes do not merge and thus the narrow definition of "proceeds" as "profits" does not apply. *See United States v. Smith*, 601 F.3d 530, 544 (6th Cir. 2010) ("[T]he predicate offense of conspiracy to distribute cocaine does not fall within the category of offenses for

which 'proceeds' means 'profits.'"); *see also Santos*, 128 S. Ct. at 2032 (Stevens, J., concurring) ("[T]he legislative history of § 1956 makes it clear that Congress intended the term 'proceeds' to include gross revenues from the sale of contraband.").

Because Gamboa cannot make a claim of actual innocence, the district court correctly dismissed the petition for lack of jurisdiction. *See Harrison v. Ollison*, 519 F.3d 952, 961 (9th Cir. 2008).

**AFFIRMED.**