**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | No. 12-17646 |
| Petitioner - Appellant, | D.C. No. 1:12-cv-01489-AWI |
| v. | |
| PAUL COPENHAVER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted February 18, 2014[**]

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Federal prisoner Christopher L. Harris appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas petition and from the order denying his Federal Rule of Civil Procedure 60(b) motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the denial of a section 2241 petition de novo, *see Stephens v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), and the denial of a motion under Rule 60(b) for abuse of discretion, *see Mackey v. Hoffman*, 682 F.3d 1247, 1248 (9th Cir. 2012).

Harris's instant habeas petition, like multiple previous petitions, asserts that he is entitled to be released from custody because he has "delivered security" to the United States as payment of a fine imposed following a 1999 conviction in the Southern District of Indiana. Harris's Rule 60(b) motion argues that the government committed fraud on the court by failing to provide accurate information regarding his fine. The district court properly denied relief.

To the extent Harris challenges the execution of his sentence, he has not shown (1) cause for bringing a successive petition and that prejudice would result, or (2) that a fundamental miscarriage of justice will result from the failure to entertain his claim. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991). Insofar as Harris challenges the legality of his detention, his exclusive remedy is a motion under 28 U.S.C. § 2255. *See Stephens*, 464 F.3d at 897.

All pending motions are denied as moot.

**AFFIRMED.**