NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR SANCHEZ,

  Petitioner-Appellant,

v.

ANDRE MATEVOUSIAN,

  Respondent-Appellee.

No. 16-15215

D.C. No. 1:15-cv-00599-LJO

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Federal prisoner Edgar Sanchez appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sanchez contends that he is actually innocent of three counts relating to

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

participation in a drug conspiracy, and that this claim can only be raised in a section 2241 petition. As explained by the district court, however, a 28 U.S.C. § 2255 motion is not limited to sentencing challenges, and in general "is the exclusive means by which a federal prisoner may test the legality of his detention." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 n.4 (9th Cir. 2000) (remedy provided in § 2255 does not differ in scope from the traditional habeas remedy under § 2241).

The district court properly concluded that Sanchez cannot bring a section 2241 petition under section 2255(e)'s escape hatch. Contrary to his contention, Sanchez cannot establish that he has not had an "unobstructed procedural shot" at presenting his claim, because he could have filed a timely section 2255 motion in the sentencing court. *See Harrison v. Ollison*, 519 F.3d 952, 961 (9th Cir. 2008); *see also* 28 U.S.C. § 2255(f) (setting forth triggering dates for the statute of limitations). Accordingly, the district court properly dismissed Sanchez's petition for lack of jurisdiction. *See Harrison*, 519 F.3d at 961-62.

Finally, having reviewed Sanchez's claim of actual innocence, we conclude that transferring his petition to the sentencing court is not in the interest of justice, and deny his request to transfer. *See* 28 U.S.C. § 1631; *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

Appellee's motion to take judicial notice is granted.

**AFFIRMED.**