**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES E. THORNBERG, | No. 14-56792 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-08091-DSF-AN |
| v. | |
| JACK FOX, | MEMORANDUM [*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted April 4, 2017[**]
Pasadena, California

Before: PLAGER,[***] BEA, and OWENS, Circuit Judges.

James Thornberg appeals the dismissal of his habeas petition filed under 28

U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1291 and affirm. Because

the parties are familiar with the factual and procedural history of this case, we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable S. Jay Plager, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

repeat only those facts necessary to resolve the issues raised on appeal.

A petitioner may challenge the legality of his conviction or incarceration under § 2241 only when he "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (citation omitted). The district court assumed, without deciding, that Thornberg did not have an earlier unobstructed procedural shot to present this claim because the Supreme Court case on which he relies (*United States v. Santos*, 553 U.S. 507 (2008)) was not decided until several years after his conviction. We also assume, without deciding, that Thornberg did not have an unobstructed procedural shot at presenting this claim.

Thornberg relies on the Ninth Circuit's interpretation of *Santos* in *United States v. Van Alstyne*, 584 F.3d 803 (9th Cir. 2009), for his claim of actual innocence. Under *Van Alstyne*, a "merger problem" exists if the "concrete details" of a particular scheme to defraud demonstrate that the actions that served as the basis for a related money laundering conviction were "a central component of the 'scheme to defraud.'" 584 F.3d at 814-15. If they are, *Van Alstyne* requires a more restrictive interpretation of the money laundering statute (18 U.S.C. § 1956) under which interpretation Thornberg would be actually innocent of money laundering.

The payment to Mail Stop Extra, which served as the basis for count 14 of

2

the money laundering indictment to which Thornberg pleaded guilty, was made for the purpose of acquiring a mailing address identified as the corporate headquarters of Thornberg's fraudulent ethanol vehicle company (QAL Companies) and "facilitated the fraudulent scheme or artifice by providing a location for the victim to send mail and inquiries." Most importantly, Thornberg's scheme relied on Mail Stop Extra to receive payments from victims. Thus, the "concrete details" of this case establish that the mail services provided by Mail Stop Extra were "a central component" of Thornberg's scheme to defraud. *Van Alstyne*, 584 F.3d at 814-15. This means that the more restrictive definition of § 1956 applies here so as to make Thornberg actually innocent of the money laundering charge to which he pleaded guilty.[1]

Despite this, the Supreme Court has explained that "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Here the government forewent

---

[1] Wire fraud has two elements: "(1) the existence of a scheme to defraud, and (2) the use of . . . wires for purposes of executing the scheme." *United States v. Manzer*, 69 F.3d 222, 226 (8th Cir. 1995). The government's argument goes astray because it focuses exclusively on the second element while ignoring the first. The government is clearly correct that the payment to Mail Stop Extra did not constitute "a central component" of the second element, since that payment was made for the provision of mail services that were distinct from using wires to further the fraud scheme. But the government overlooks the first element of wire fraud, which requires "the existence of a scheme to defraud," of which the use of the Mail Stop Extra facility was a central component. *Id*.

3

prosecuting money laundering counts 15-22 as part of the plea agreement. For this reason, to establish his overall actual innocence Thornberg must demonstrate that a similar "merger problem" under *Van Alstyne* existed with respect to these charges as well.

Although Thornberg asserts in his brief that the payments to GTE (that served as the basis for counts 15, 17, 18, and 20 of his indictment) were for telecommunication services used by QAL Companies to make communications to further the scheme to defraud, the record is in fact silent as to the significance of the payments to GTE. The record demonstrates that the payments to GTE were apparently for service on a particular phone number (310-540-2294). The record does not establish whether or not Thornberg used this phone number to communicate with victims or to serve any other crucial role in his scheme to defraud. Moreover, the record does not demonstrate that any of the wire communications that served as the basis for his wire fraud indictments were made from number 310-540-2294. While it is indeed a plausible inference that Thornberg used the phone services from GTE in his scheme to defraud, the record does not in fact establish that the GTE account was a central component of Thornberg's fraudulent operation. For that reason, even though Thornberg established a "merger problem" with respect to his payments to Mail Stop Extra, he has not done so with respect to his payments to GTE as required to show his

overall actual innocence under *Bousley*.

**AFFIRMED.**