**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-15641 |
| Plaintiff-Appellee, | D.C. Nos. 1:12-cr-00173-AWI-BAM-1 1:16-cv-00565-AWI |
| v. | |
| JOHN TURNQUIST, | MEMORANDUM* |
| Defendant-Appellant. | and ORDER |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted July 8, 2019**
Portland, Oregon

Before: FERNANDEZ, GRABER, and OWENS, Circuit Judges.

Federal prisoner John Turnquist appeals from the district court's denial of

his petition for a writ of habeas corpus. We review de novo the district court's

denial of Turnquist's petition, *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir.

2006), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, includes an amendment to 18 U.S.C. § 3624(b) – the good time credit provision – providing federal prisoners the possibility of seven additional days of good time credit per year. § 102(b), 132 Stat. at 5210. Turnquist argues that this amendment took effect upon the Act's enactment on December 21, 2018, and, therefore, requires the Bureau of Prisons to immediately re-calculate his sentence, which would accelerate his projected release date and consequently his transfer to a community corrections facility.

However, our decision filed today in *Bottinelli v. Salazar*, No. 19-35201 (9th Cir. 2019), resolves this issue. There, we held that the Act's good time credit amendment was not immediately effective upon enactment but will become so with the establishment of the "risk and needs assessment system" on July 19, 2019 – 210 days after the Act's enactment. *See* §§ 101(a), 102(b), 132 Stat. at 5196-97, 5213. For the reasons explained in *Bottinelli*, we affirm the denial of Turnquist's habeas petition.[1]

**AFFIRMED**.

---

[1] We grant Turnquist's unopposed request for judicial notice. Dkt. No. 20.