NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM JOHN GREEN,<br><br>    Petitioner-Appellant,<br><br> v.<br><br>W. Z. JENKINS II,<br><br>    Defendant-Appellee. | No.  21-55391<br><br>D.C. No. 2:21-cv-01456-DMG-GJS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted September 14, 2021[**]

Before:  PAEZ, NGUYEN, and OWENS, Circuit Judges.

Federal prisoner William John Green appeals pro se from the district court's

judgment dismissing without prejudice his 28 U.S.C. § 2241 habeas petition, the

order denying his motion for reconsideration, and the order denying his motion for

release pending appeal under Federal Rule of Appellate Procedure 23(b). We have

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

The district court dismissed Green's § 2241 habeas petition and denied reconsideration on the basis that it lacked jurisdiction over Green's claims challenging his conviction and sentence, and his claims challenging the conditions of his confinement were not cognizable in habeas. On appeal, Green contends that the district court erred by concluding that it lacked habeas jurisdiction over his claim that the Bureau of Prisons violated his Eighth Amendment rights by its alleged mismanagement of the COVID-19 pandemic and inability to care for his underlying health conditions. We need not resolve this issue because Green's Eighth Amendment claim is now moot. Green's claim was premised on conditions at the Metropolitan Detention Center, Los Angeles ("MDC LA"), where he was housed when he filed his petition. After Green filed his motion for reconsideration, however, he was transferred to FCI Terminal Island, a facility that could better meet his medical needs. As a result, Green's claim for habeas relief premised on conditions at MDC LA is now moot, *see Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995), and we must dismiss the appeal insofar as it challenges the district court's resolution of that claim. By this disposition, we express no opinion as to whether Green may file a § 2241 habeas petition seeking his immediate release based on conditions at FCI Terminal Island.

We further conclude that the district court properly determined that it lacked

jurisdiction over Green's challenges to his sentence and allegations of ineffective assistance of counsel because those claims did not meet the escape hatch of 28 U.S.C. § 2255(e). *See Stephens v. Herrera*, 464 F.3d 895, 897-98 (9th Cir. 2006).

In light of our disposition of this appeal, Green's challenge to the district court's order denying his Rule 23(b) motion is moot. Green's renewed request to this court for release pending appeal is denied as moot.

**AFFIRMED IN PART; DISMISSED IN PART.**