NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTA RONIQUE BELL, | No. 21-15383 |
| Petitioner-Appellant, | |
| | D.C. No. 5:17-cv-07346-LHK |
| v. | |
| | MEMORANDUM[*] |
| WARDEN, FCI DUBLIN, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted March 18, 2022
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

In 1996, a federal jury found Roberta Ronique Bell ("Bell") guilty of two

charges related to witness tampering in violation of 18 U.S.C. § 1512(a)(1), (b) in

connection with the torture and murder of Doreen Proctor ("Proctor"). She was

sentenced to life imprisonment on the murder charge. *See id.* § 1512(a). In 2017,

Bell sought to vacate her § 1512 convictions and requested a new trial because she

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claimed that intervening Supreme Court precedent rendered her actually innocent of federal witness tampering. The district court denied Bell's *habeas* petition and her request for an evidentiary hearing, and we affirm.

"A district court's denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is reviewed de novo." *Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018). "A district court's decision to deny a motion for an evidentiary hearing is reviewed for an abuse of discretion." *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003).

1. A petitioner may file a § 2241 *habeas* petition "under the escape hatch of § 2255 when [she] (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotations omitted). To prove actual innocence, a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [her]." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Here, Bell cannot establish her actual innocence. The record contains sufficient evidence upon which a reasonable juror could have relied to conclude that it was reasonably likely that Proctor would have communicated with a federal law enforcement officer had she not been killed. *See Fowler v. United States*, 563 U.S. 668, 678 (2011) ("The Government need not show that such a

2

communication, had it occurred, would have been federal beyond a reasonable doubt, nor even that it is more likely than not"; rather, "the Government must show that the likelihood of communication to a federal officer was more than remote, outlandish, or simply hypothetical."). Therefore, under our Circuit's precedent, Bell's undisputed actual innocence under the alternative official proceeding theory of witness tampering, on its own, does not entitle her to a new trial. *See Lorentsen v. Hood*, 223 F.3d 950, 954–55 (9th Cir. 2000) (requiring that when a petitioner seeking *habeas* relief was convicted under two theories, and one of those theories was later precluded by intervening Supreme Court precedent, the petitioner must still prove actual innocence under the remaining theory).

2. The district court did not abuse its discretion in declining to hold an evidentiary hearing. The district court wrote a detailed opinion that discussed and considered the evidence in the record, and Bell has not shown that there is additional, material evidence not already considered.

**AFFIRMED.**

3