**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO PEREZ,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>CHERYL STRANGE, Secretary,<br>Washington Department of Corrections,<br><br>        Respondent-Appellee. | No.   21-35203<br><br>D.C. No. 2:20-cv-01419-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted July 7, 2022[**]
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and SEEBORG,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

Armando Perez petitioned the district court for habeas relief under 28 U.S.C. § 2254. A magistrate judge issued a report and recommendation recommending Perez's petition be denied because he did not show that the state court decisions upholding his convictions were contrary to, or were an unreasonable application of, clearly established federal law. The district court approved and adopted the magistrate judge's report and recommendation and denied Perez's petition. Perez timely filed a notice of appeal, and this court granted a certificate of appealability on his claim. We review the district court's decision de novo, *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), and affirm.

Perez was convicted in a jury trial of three counts of child molestation in 2004.[1] During jury selection, the judge gave prospective jurors the option to answer certain questions in private. Fifteen potential jurors were questioned in chambers with Perez, the prosecution, and defense counsel in attendance. Defense counsel did not object to this procedure. Two of the privately questioned prospective jurors were selected to the jury that ultimately convicted Perez. On direct appeal, Perez's counsel did not raise a public trial claim. In 2008, after Perez finished serving his sentence, he filed a post-conviction motion to vacate his convictions, arguing for the first time that his right to an open and public trial was violated. After many stops through the Washington State court system, Perez's petition was denied in 2020.

---

[1] On appeal, one of Perez's convictions was vacated.

The state court found that Perez was not entitled to relief because he failed to demonstrate that he was prejudiced by the courtroom closure. Perez sought federal habeas review of his convictions, arguing he was denied his right to effective assistance of appellate counsel because counsel failed to argue on direct appeal that Perez's right to a public trial was violated when the trial court privately questioned some potential jurors in chambers.

We deny Perez's petition for habeas corpus because the decisions of the state courts were not contrary to, or did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). In *Weaver v. Massachusetts*, 137 S. Ct. 1899 (2017), the Supreme Court held that "when a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, . . . the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or . . . to show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair." *Id.* at 1911. Thus, the Supreme Court explicitly recognized a difference between public-trial claims on direct appeal, which result in "automatic reversal," and public-trial claims on collateral review, which require a showing of prejudice. *Id.* at 1910–11.

Perez argues that *Weaver* only concerned cases involving ineffective assistance of *trial* counsel, whereas here he alleges ineffective assistance of

3

*appellate* counsel. Perez contends that because his direct appeal would have been successful had his appellate counsel not been deficient, he has adequately demonstrated *Strickland* prejudice. His argument is unavailing. Under the highly deferential § 2254(d) standard of review, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Fairminded jurists could conclude that the rule set out in *Weaver* applies to claims of ineffective assistance of appellate counsel as well as trial counsel.

Perez's reliance on *Smith v. Robbins*, 528 U.S. 259 (2000), does not aid his case. *Smith* involved a different issue, whether a new procedure for allowing appellate counsel to withdraw after counsel found no non-frivolous issue for appeal satisfied the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See Smith*, 528 U.S. at 264. Perez zeroes in on a statement by the Court instructing the petitioner on remand to attempt to "show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.* at 285 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). This does not clearly establish a rule that governs every ineffective assistance of appellate counsel claim, particularly given the more nuanced reasoning the Court applied in

4

*Weaver*, which involved substantially the same facts as this case. As the Court cautioned, "when a court is evaluating an ineffective-assistance claim, the ultimate inquiry must concentrate on 'the fundamental fairness of the proceeding.'" *Weaver*, 137 S. Ct. at 1911 (quoting *Strickland*, 466 U.S. at 696).

The Washington Supreme Court reasonably concluded that Perez was not prejudiced by the courtroom closure. The trial court's questioning of the prospective jurors was not conducted in a secret or remote location, and there is a record of the proceedings. Perez and his counsel were in attendance and participated in the questioning. The remainder of jury selection and trial was held in open court. In sum, the Washington Supreme Court's finding that Perez's trial was fundamentally fair, notwithstanding the courtroom closure, was reasonable. *See id.*

**AFFIRMED**