**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD SCAGGS, | No.   20-16139 |
| Petitioner-Appellant, | D.C. No.<br>1:19-cv-01559-DAD-JLT |
| v. | |
| A. CIOLLI, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 8, 2023[**]
San Francisco, California

Before:  McKEOWN, BYBEE, and BUMATAY, Circuit Judges.

Leonard Scaggs filed a habeas petition under 28 U.S.C. § 2241 in the

Eastern District of California, challenging his conviction for aiding and abetting

felony murder in the Southern District of California.  Scaggs appeals the district

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's dismissal of his petition. We have jurisdiction under 28 U.S.C. § 1291 and § 2253 and review the district court's ruling de novo. *Carter v. Davis*, 946 F.3d 489, 501 (9th Cir. 2019). We affirm.

A federal prisoner challenging the legality of his detention generally must do so by a motion pursuant to 28 U.S.C. § 2255. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). The one exception to this rule is the "escape hatch" of § 2255, which allows a federal prisoner to file a § 2241 petition if his remedy under § 2255 is "inadequate or ineffective. . . ." 28 U.S.C. § 2255(e); *see also Stephens*, 464 F.3d at 897.

The district court concluded Scaggs could not establish his § 2255 remedies were inadequate, and therefore Scaggs's petition, ostensibly filed as a § 2241 motion, was properly a § 2255 motion. The district court ruled it lacked jurisdiction to consider a § 2255 motion because it should have been filed in the Southern District of California. 18 U.S.C. § 2255(a); *see also Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012) ("[Section] 2241 petitions must be filed in the district where the petitioner is confined, while § 2255 motions must be filed in the district where the petitioner was sentenced.").

Remedies under § 2255 are inadequate and ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed

2

procedural shot at presenting that claim." *Stephens*, 464 F.3d at 898 (internal quotation marks and citations omitted).

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal citation and quotation marks omitted). Or, "to remove the double negative," a petitioner must prove "that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006). Moreover, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (1998) (internal quotation marks and citations omitted). "[T]he mere fact of an improper instruction is not sufficient to meet the test for actual innocence." *Stephens*, 464 F.3d at 899.

Scaggs claims that after *Rosemond v. United States*, 572 U.S. 65 (2014), and *United States v. Goldtooth*, 754 F.3d 763 (9th Cir. 2014), he is actually innocent of aiding and abetting felony murder because he did not have advance knowledge that a robbery would occur, that a firearm would be used, or that a murder would be committed.

Scaggs cannot satisfy the test for actual innocence articulated in *Bousley*. During trial, the jury heard evidence that immediately preceding the robbery and

murder, Scaggs and three other confederates attempted two robberies where a gun was present and violence was used in furtherance of the robbery. Overton testified that after those robbery attempts, all four confederates got out of the car and walked to some nearby payphones close to an ATM. This testimony was corroborated by a second witness who saw "three or four" men close to the payphones near the ATM where the robbery occurred. Overton testified that it was Scaggs and his brother who were at the scene of the robbery and murder. Moreover, Scaggs admitted that prior to the shooting, he and the other confederates discussed their plan to commit a robbery.

Scaggs argues that the jury's written question whether the escape was part of the crime indicates "the jury appeared to believe he joined the robbery only after the shooting of the victim. . . ." We are not persuaded by Scaggs's speculation. From the jury's question, we do not conclude it is more likely than not any reasonable juror had reasonable doubt of Scaggs's advance knowledge of the crime. There was ample evidence that Scaggs had advance knowledge that a robbery would occur, that a confederate would be armed, and that violence might be used. Scaggs has not demonstrated he is actually innocent.

Because Scaggs cannot make a claim of actual innocence, he cannot invoke the "escape hatch" exception of § 2255 that would permit him to file a petition

4

under § 2241.  The district court correctly treated Scaggs's petition as a § 2255

motion and properly dismissed for lack of jurisdiction.

We **AFFIRM** the district court's judgment.