NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE VALDEZ, <br><br> Petitioner - Appellant, <br><br> v. <br><br> OREGON FEDERAL DISTRICT COURT; DOJ - OFFICE OF THE UNITED STATES ATTORNEY, <br><br> Respondents - Appellees. | No. 24-1676 <br><br> D.C. No. 3:23-cv-01814-MC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 16, 2024[**]

Before:    SCHROEDER, VANDYKE, and KOH, Circuit Judges.

Jose Guadalupe Valdez appeals[1] pro se from the district court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Appellant is not required to pay fees for this appeal because the district court found appellant to be indigent.  The motion for leave to proceed in forma pauperis is therefore unnecessary.  *See* Fed. R. App. P. 24(a).

denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241.[2]  We have jurisdiction under 28 U.S.C § 1291.  Reviewing de novo, *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), we affirm.

In his § 2241 petition, Valdez challenged both his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and his pretrial confinement in Washington County on state criminal charges.  On appeal, he does not identify any error in the district court's order and instead briefly asserts his innocence.  With respect to Valdez's challenge to his § 922(g)(1) conviction, the district court correctly determined that relief under § 2241 is unavailable because Valdez failed to show that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 599 U.S. 465, 469 (2023).  Moreover, the court correctly determined that Valdez's challenge to his pretrial confinement in Washington County was mooted upon his release from Washington County custody, *see Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir. 1990), and that Valdez could not obtain damages in a habeas proceeding, *see Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (per curiam).

Valdez's motion for appointment of counsel is denied.

**AFFIRMED.**

---

[2] Valdez styled his filing before the district court as a 28 U.S.C. § 2254 petition. Because Valdez was not challenging a state court judgment, the district court properly construed it as a § 2241 petition.