**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERNESTO ZARAGOSA-SOLIS,

No. 23-15165

          Petitioner-Appellant,

D.C. No. 4:23-cv-00011-JCH-LCK

v.

M. GUTIERREZ, Warden,

MEMORANDUM[*]

          Respondent-Appellee.

Appeal from the United States District Court
for the District of Arizona
John C. Hinderaker, District Judge, Presiding

Submitted September 17, 2024[**]

Before:    WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

    Ernesto Zaragosa-Solis appeals pro se from the district court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C § 1291. Reviewing de novo, *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court determined that Zaragosa-Solis's § 2241 petition was premature. We agree that, in light of his ongoing 28 U.S.C. § 2255 proceedings in the Southern District of Texas, Zaragosa-Solis cannot show that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jones v. Hendrix*, 599 U.S. 465, 469 (2023) ("§ 2255(e) bars a federal prisoner from proceeding under § 2241 'unless . . . the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'").

**AFFIRMED.**