**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW JAMES JOHNSTON, | No. 24-850 |
| Petitioner - Appellant, | D.C. No. 4:22-cv-00260-SHR |
| v. | |
| DANON COLBERT, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Scott H. Rash, District Judge, Presiding

Submitted November 20, 2024**

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Andrew James Johnston appeals pro se from the district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C § 1291. Reviewing de novo, *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), we affirm.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Johnston contends that the First Step Act of 2018 ("FSA") requires the Bureau of Prisons ("BOP") to apply time credits he earned under the FSA toward his placement in a residential reentry center. However, the record shows that Johnston does not meet the FSA's eligibility requirements. *See* 18 U.S.C. § 3632(d)(4)(C) (providing that the BOP "shall transfer *eligible* prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release") (emphasis added); *id*. § 3624(g)(1) (defining eligible prisoners). Because Johnston does not meet the statutory requirements, we do not address his challenges to the BOP's implementing regulations and policies or his reliance on *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024).

Johnston's motion to compel service of appellee's brief is denied as moot.

**AFFIRMED**.