NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0072n.06

No. 08-3135

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 04, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TERRY SHEPHERD, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, CLAY, and WHITE, Circuit Judges.

**PER CURIAM.** Defendant Terry Shepherd pleaded guilty to one count of using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), and one count of possessing crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). He now appeals the 188-month sentence that the district court imposed, arguing that his plea was not knowing and voluntary, that his sentence is unreasonable, and that recent amendments to the drug-trafficking statutes should result in a decrease in his prison sentence. Finding no reversible error, we affirm the district court's sentencing order.

The defendant was arrested and indicted for multiple offenses, including possession with intent to distribute less than five grams of cocaine base and use of a firearm during and in relation to a crime of violence. Shepherd eventually entered into an agreement with

the government, allowing him to plead guilty to the firearms offense and the drug offense and stipulating that he qualified for sentencing as a career offender. Even after the application of a three-level reduction for acceptance of responsibility, the defendant faced sentencing pursuant to an advisory guideline range of 272-319 months.

In the plea agreement, however, the government stated that it would recommend to the district court an advisory guideline range of 188-235 months if Shepherd provided information to the prosecution regarding other individuals involved in the criminal activity. "The defendant further agree[d] that a total term of imprisonment of 188 months would represent a reasonable sentence for the case, considering the sentencing factors outlined in Title 18, Section 3553(a), United States Code." Consequently, at sentencing, the government moved, pursuant to section 5K1.1 of the United States Sentencing Guidelines, that Shepherd's advisory sentencing range be reduced further in light of the defendant's substantial assistance. The district judge granted the motion and imposed upon Shepherd a prison term of 188 months, consisting of a 104-month sentence for the drug-trafficking offense and a mandatory consecutive sentence of 84 months for the firearm conviction. Shepherd now appeals from that judgment.

Shepherd first contends that the district court should have set aside his guilty plea, even without a request to do so, on the ground that "[he] was incompetent when he entered into the plea agreement due to a lack of understanding of the proceedings." Because the defendant did not raise this issue in the district court in the first instance, we review such

a challenge only for plain error. *See, e.g., United States v. Thomas*, 11 F.3d 620, 629 (6th Cir. 1993). In *Thomas*, we set out the inquiries that must be undertaken in a plain-error analysis:

> First, we are to consider whether an error occurred in the district court. Absent any error, our inquiry is at an end. However, if an error occurred, we then consider if the error was plain. If it is, then we proceed to inquire whether the plain error affects substantial rights. Finally, even if all three factors exist, . . . we must decide whether the plain error affecting substantial rights seriously affected the fairness, integrity or public reputation of judicial proceedings.

*Id.* at 630. *See also United States v. Olano*, 507 U.S. 725, 732 (1993).

Well-established principles of due process hold that a court should not accept a defendant's guilty plea unless the defendant enters the plea "competently and intelligently." *See Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)). The standard of "competence" required to plead guilty is the same standard used by courts to determine whether an individual is fit to stand trial, that is, "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Id.* (quoting *Dusky v. United States*, 362 U.S. 402 (1960) (internal quotation marks omitted)). Of course, prior to accepting a guilty plea, a district court must also "satisfy itself that the waiver of his constitutional rights is knowing and voluntary." *Id.* at 400 (citations omitted).

In this matter, the district judge did not err, much less plainly err, in determining that the defendant was competent to plead guilty. The judge patiently and thoroughly questioned Shepherd about his alertness on the day of the plea hearing, any questions he might have had about the charges against him, the possible punishments to be imposed, the constitutional rights that would be waived by a plea of guilty, the contents of the plea agreement, and his educational and health backgrounds. Specifically, the court ascertained that Shepherd dropped out of school in the ninth grade but was pursuing his GED, that Shepherd was not taking any medication, that he had not received treatment for his learning disability since he was young, that he read the plea agreement himself, and that he conferred with his attorney about every provision of the agreement. The district judge also went through the plea agreement with Shepherd, provision by provision, satisfying herself through questioning that the defendant understood the contents of the document.

During the sentencing hearing, Shepherd did claim that he had some difficulty reading. Nevertheless, he conceded that he had reviewed his presentence report carefully with his attorney. Shepherd's counsel made mention that he had met with the defendant nine times in order to prepare him for the sentencing hearing, but never implied that Shepherd was incompetent to enter the guilty plea. He did, however, urge the court to take his client's learning disability into account when determining the proper sentence to be imposed. The district judge noted that Shepherd received Social Security benefits as a

teenager, but she also found that the defendant's "mental and emotional health seems to be good."

Shepherd clearly displayed "sufficient present ability to consult with his lawyer." Throughout the guilty-plea hearing and the sentencing hearing, in fact, the defendant took the opportunity to confer with counsel, both when prompted to do so by the district judge and on his own initiative. Furthermore, the appellate record presents no indication whatsoever that Shepherd did not understand the proceedings or that his plea was anything other than knowing and voluntary. Neither Shepherd nor his attorney stated that he was not ultimately made aware of the ramifications of all plea provisions or that he did not understand the rights he was waiving.

In the absence of any evidence or indication that Shepherd was unable to consult with his attorney or understand the advice offered to him, no error, plain or otherwise, was committed by the district judge in failing to declare on her own initiative that the defendant was incompetent to enter his guilty pleas in this case. This challenge to the defendant's convictions is without merit.

Shepherd also alleges error in the district court's imposition of the 188-month sentence. In the plea agreement, however, Shepherd expressly and voluntarily waived his right to appeal his sentence, either directly or collaterally. The only allowable exceptions to the waiver were claims that punishment was imposed in excess of the applicable statutory maximum or in excess of 188 months, claims of ineffective assistance of counsel,

and claims of governmental misconduct. Because Shepherd does not raise an appellate issue falling within the parameters of the listed exceptions, and because the record indicates that the defendant knowingly and voluntarily entered into the plea agreement, Shepherd has waived these sentencing issues, and we may not now address them on appeal.

Finally, in a supplemental appellate brief, the defendant also argues that he is entitled to re-sentencing under this court's holding in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), and to a retroactive reduction in his sentence as a result of the enactment of section 2(a) of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). But, because the two supplemental issues raise additional challenges to a sentence that was contemplated by the plea agreement, Shepherd's waiver of his appellate rights in that agreement would also serve to insulate these issues from appellate review.

Even if this court were to address the supplemental claims, however, Shepherd would not be entitled to the relief he seeks. First, the United States Supreme Court granted certiorari in *Almany*, *see* 131 S. Ct. 637 (2010), and vacated our prior opinion in that case. Upon remand, in light of the Supreme Court's ruling in *Abbott v. United States*, 131 S. Ct. 18 (2010), we restored Almany's five-year, consecutive firearm sentence because no other statutory provision called for a greater minimum sentence for the conduct proscribed in 18 U.S.C. § 924(c). *See United States v. Almany*, 626 F.3d 901 (6th Cir.

2010). Similarly, Shepherd was not convicted in this case of another firearms violation that imposed a greater mandatory-minimum sentence. He is thus not entitled to the leniency he seeks.

Likewise, the provisions of the Fair Sentencing Act of 2010 offer Shepherd no relief. Pursuant to section 2(a) of the legislation, 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) were amended to increase the amount of crack cocaine necessary to trigger the statute's enhanced-sentencing provisions. Specifically, the Act increased from 50 grams to 280 grams the amount of crack cocaine required to justify a ten-year mandatory- minimum sentence, and from five grams to 28 grams the amount of crack cocaine required to justify a five-year mandatory-minimum sentence. Because the defendant pleaded guilty to possession of only 2.96 grams of crack cocaine, the statutory provision under which he was sentenced was not affected by the 2010 amendments. Instead, any increase in Shepherd's sentence beyond the applicable guideline range was occasioned by his career-offender status.

For the reasons set out above, we AFFIRM the judgment of the district court.