RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0088p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 17-5727

JIMMY DAVID MALONE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:16-cr-00058-1—Thomas A. Varlan, Chief District Judge.

Argued: April 26, 2018

Decided and Filed: May 8, 2018

Before: GUY, SUTTON, and COOK, Circuit Judges.

_____

### COUNSEL

_____

**ARGUED:** Robert R. Kurtz, STANLEY & KURTZ, PLLC, Knoxville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Robert R. Kurtz, STANLEY & KURTZ, PLLC, Knoxville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

### OPINION

_____

COOK, Circuit Judge. This appeal presents the latest episode in the saga of determining whether a prior conviction is a "violent felony" for purposes of the Armed Career Criminal Act's

sentencing enhancement. Guided by canons of statutory construction, we hold that Kentucky second-degree burglary categorically qualifies as generic burglary under the ACCA and AFFIRM the sentence.

**I.**

Knoxville police pulled over Jimmy Malone for driving with unlit taillights. But his lights were the least of his worries. The handgun found under Malone's seat prompted a federal grand jury indictment on felon-in-possession charges. *See* 18 U.S.C. § 922(g)(1). A witness-intimidation charge came later after Malone bade his sister lie to officers about who bought the gun. *See id.* § 1512(b)(1). He pleaded guilty to all counts.

The Presentence Report classified Malone as an armed career criminal under the ACCA based on three prior convictions for "violent felonies" or "serious drug offenses"—Tennessee aggravated assault, federal drug trafficking, and Kentucky second-degree burglary. *See id.* § 924(e). He contested the classification, arguing only that his Kentucky conviction was incorrectly considered an ACCA predicate offense because the crime's elements are broader than generic burglary's. Overruling Malone's objection, the district court sentenced him to the ACCA-minimum 15 years' imprisonment for violating § 922(g). *See id.*

Malone appeals the determination that his Kentucky second-degree burglary conviction qualifies as an ACCA "violent felony." We review the issue de novo. *United States v. Johnson*, 707 F.3d 655, 658 (6th Cir. 2013).

**II.**

The ACCA enumerates burglary as one of several "violent felonies" that can enhance a defendant's felon-in-possession sentence. 18 U.S.C. §§ 924(e)(1), (e)(2)(B)(ii). For the ACCA's purposes, however, not all burglaries are created equal. A state burglary offense constitutes "burglary" under the ACCA if the state burglary statute describes the "generic" version of the crime. *Descamps v. United States*, 570 U.S. 254, 257 (2013). Generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S.

575, 598 (1990). Applying a "categorical approach," we focus "on whether the elements of the crime of conviction sufficiently match the elements of generic burglary." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016).

In Kentucky, "[a] person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling." Ky. Rev. Stat. § 511.030(1). Here is the corresponding definitions section in full:

> The following definitions apply in this chapter unless the context otherwise requires:
>
> > (1) "Building," in addition to its ordinary meaning, means any structure, vehicle, watercraft or aircraft:
> >
> > (a) Where any person lives; or
> >
> > (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation.
>
> Each unit of a building consisting of two (2) or more units separately secured or occupied is a separate building.
>
> > (2) "Dwelling" means a building which is usually occupied by a person lodging therein.
> >
> > (3) "Premises" includes the term "building" as defined herein and any real property.

*Id.* § 511.010.

The parties disagree about the upshot of Kentucky's definition of "dwelling." Malone contends that the statutory definition of "dwelling" directs to the statutory definition of "building." Given that "building" encompasses vehicles and movable enclosures, his argument goes, he relies on *Mathis* and insists that § 511.030 is broader than generic burglary. *See Mathis*, 136 S. Ct. at 2250 (explaining that Iowa's burglary statute "covers more conduct than generic burglary" because it "reaches a broader range of places: 'any building, structure, *[or] land, water, or air vehicle*'" (citation omitted, alterations in original)).

No, the Government contends, this is not the proper interpretation. That's because of the statutory definition of "premises"—it references "*'building' as defined herein*." Ky. Rev. Stat. § 511.010(3) (emphasis added). According to the Government, that "[t]he definition of

'dwelling' includes no such qualifier . . . signals that it refers to a 'building' in its ordinary sense" instead of its definitional one.

The district court agreed with the Government's interpretation, and so do we. Malone's proposal runs afoul of the "cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quotation marks and citations omitted); *see also Daniel v. Cantrell*, 375 F.3d 377, 383 (6th Cir. 2004) ("We avoid interpretations of a statute which would render portions of it superfluous."). In defining "premises," the legislature explicitly references the statutory definition of "building" by using the qualifier "as defined herein." Ky. Rev. Stat. § 511.010(3). Not so in its definition of "dwelling"—the "as defined herein" limiter is absent, as are the quotation marks punctuating the word "building." *Id.* § 511.010(2). We presume these variations meaningful and deliberate; we will not adopt an interpretation neutralizing them. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citation omitted, alteration in original)); *United States v. Detroit Med. Ctr.*, 833 F.3d 671, 678 (6th Cir. 2016) (applying *Russello*'s instruction).

The statutory definition of "building" lends further support to the Government's interpretation. "Building" includes, "*in addition to its ordinary meaning*, . . . any structure, vehicle, watercraft or aircraft" where a person lives or assembles. Ky. Rev. Stat. § 511.010(1) (emphasis added). So "building" ordinarily means something different than its statutory definition. This makes sense, given that "premises" specifically incorporates "'building' *as defined herein*" but "dwelling" does not. *Compare id.* § 511.010(3) (emphasis added), *with id.* § 511.010(2).

The conclusion we must draw from these distinctions is that "dwelling" incorporates only the "ordinary meaning" of "building." *See Sanders v. Allison Engine Co., Inc.*, 703 F.3d 930, 938 (6th Cir. 2012) (cautioning that, because "there is no irrebuttable presumption of uniform usage" when a term is given a statutory definition, "a court should not presume that a term

defined by statute carries the same meaning every time it is used in a statute"). Construing the interplay between the definitions of "building," "dwelling," and "premises" differently would render portions of § 511.010 meaningless. And just as revising a statute by addition is outside our province, so too is revising by subtraction.

What's more, caselaw corroborates this conclusion. The Government identifies two Kentucky Supreme Court decisions "confirm[ing] that the definition of 'dwelling' uses the term 'building' in its ordinary sense." One, *Soto v. Commonwealth*, states that the statutory definitions of "building" and "dwelling" "indicat[e] that 'building' encompasses a broader category of structures than 'dwelling.'" 139 S.W.3d 827, 869 (Ky. 2004). The other, *Colwell v. Commonwealth,* concludes per the statutory definitions that "every dwelling is a building, but every building is not a dwelling." 37 S.W.3d 721, 726 (Ky. 2000). These mesh well with the Government's interpretation—"dwellings" are "buildings" in the ordinary sense, not the definitional sense, and so "buildings" in the definitional sense are not necessarily "dwellings." Plus, we have consistently held that a conviction under § 511.030 ticks the ACCA's "violent felony" box as an enumerated offense. *See United States v. Jenkins*, 528 F. App'x 483, 485 (6th Cir. 2013) (stating that "[t]he elements of second-degree burglary in Kentucky largely track th[e] definition" of burglary advanced by the Supreme Court in *Taylor*, and that "a statute that limits its proscription to 'dwellings'" satisfies the ACCA's enumerated-offenses clause); *United States v. Walker*, 599 F. App'x 582, 583 (6th Cir. 2015) (mem.) (citing *Jenkins* to note that Kentucky second-degree burglary "is equivalent to the crime of burglary enumerated in the [ACCA]"); *see also United States v. Moody*, 634 F. App'x 531, 534 (6th Cir. 2015) (concluding that a Kentucky second-degree burglary conviction constitutes a crime of violence for a career-offender enhancement under the Sentencing Guidelines).

**III.**

Because a "dwelling" is a "building" only in the ordinary sense, § 511.030's elements—knowingly entering or remaining unlawfully, in a "dwelling," with the intent to commit a crime—match generic burglary's. *See Descamps*, 570 U.S. at 257; *Taylor*, 495 U.S. at 598. That the Supreme Court recently granted certiorari to consider whether generic burglary can include burglary of a mobile structure used for overnight accommodation is beside the point; our

interpretation of § 511.010 obviates that question in this case. *See United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *cert. granted*, 2018 WL 1901589 (U.S. Apr. 23, 2018) (No. 17-765). We therefore hold that Kentucky second-degree burglary categorically qualifies as generic burglary under the ACCA's enumerated-offenses clause. Malone having three convictions for ACCA predicates, we AFFIRM his sentence.