In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-1362

JOSHUA E. SHEPHERD,

*Petitioner-Appellant*,

*v.*

JEFFREY E. KRUEGER,
Warden, FCI, Terre Haute,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 17-CV-26 — **Larry J. McKinney**, *Judge.*

ARGUED SEPTEMBER 12, 2018 — DECIDED DECEMBER 26, 2018

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Petitioner-appellant Joshua E. Shepherd was pulled over by the police in Kentucky. The officers found marijuana and a gun in his car. He pleaded guilty in federal court to one count of possession of marijuana with intent to distribute, one count of being a felon in possession

of a firearm, and two counts for criminal forfeiture. At sentencing, the district judge in Kentucky applied an Armed Career Criminal Act ("ACCA") enhancement based on his prior convictions and sentenced Shepherd to the mandatory minimum fifteen years in prison. See 18 U.S.C. § 924(e). For nearly ten years, Shepherd has been challenging the enhanced sentence under ACCA. The Sixth Circuit affirmed on direct appeal, and several courts have declined to overturn his sentence in collateral attacks under 28 U.S.C. § 2255.

Though his case originated in Kentucky, Shepherd is in a federal prison in Indiana. Having failed to win relief under § 2255 from the district court in Kentucky and the Sixth Circuit, Shepherd filed a motion under 28 U.S.C. § 2241 in the Southern District of Indiana. Section 2255 is by far the primary route for federal prisoners to challenge the lawfulness of their convictions and sentences. Section 2255(h) sharply limits the ability of a prisoner to bring a second or successive motion under that section. Section 2255(e) steers almost all prisoner challenges to their convictions and sentences toward § 2255, but it recognizes an exception. A habeas corpus petition under § 2241 may be allowed if the prisoner can show "that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."

Shepherd seeks relief under § 2241 to take advantage of the "inadequate or ineffective" exception in § 2255(e), the scope of which is controversial both within this circuit and beyond. See *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc) (reversing denial of § 2241 petition by vote of six to five); *In re Davenport*, 147 F.3d 605, 608–09 (7th Cir. 1998); see also, e.g., *Prost v. Anderson*, 636 F.3d 578, 592–93 (10th Cir. 2011) (reviewing divided circuit opinions on scope of

§ 2255(e)); *id*. at 604–06 (Seymour, J., dissenting in part); *Gilbert v. United States*, 640 F.3d 1293, 1312–15 (11th Cir. 2011) (en banc) (reviewing divided opinions on scope of § 2255(e)); *id*. at 1335–36 (Martin, J., dissenting).

The parties have briefed a number of procedural issues, including whether Shepherd's original plea agreement waived his right to bring this sort of collateral challenge, whether § 2241 should be available to him at all, and if so whether this court should apply our own precedent or Sixth Circuit precedent (or simply the law of the United States of America, since we operate within a unified system). We elect to bypass these procedural hurdles for relief because this case can be resolved most simply on the merits. The Sixth Circuit held recently that Kentucky second-degree burglary qualifies as a predicate offense for an ACCA enhancement. *United States v. Malone*, 889 F.3d 310, 313 (6th Cir. 2018), *petition for cert. filed* (U.S. Nov 13, 2018) (No. 18-6671). Our colleagues' statutory interpretation and conclusion are persuasive. We see no reason to disagree, whether we have the right and power to disagree or not. Cf. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 803–04 (1988) (resolving jurisdictional disagreement between Seventh and Federal Circuits). On the basis of *Malone*, we affirm the denial of Shepherd's § 2241 petition.

## I.  *Factual and Procedural Background*

Shepherd was pulled over while driving in Kentucky. Police discovered marijuana and a gun in his car. Shepherd pleaded guilty in the United States District Court for the Western District of Kentucky in 2008 to one count of possession of marijuana with intent to distribute, one count of being a felon in possession of a gun, and two counts of criminal forfeiture.

The district court found that Shepherd was subject to an ACCA enhancement based on his three prior convictions for Kentucky second-degree burglary. His plea agreement included the following waiver provision:

> The Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742. However, defendant shall maintain his right to appeal the sentence imposed only if the Court departs from the applicable advisory guideline range, *as determined by the Court*. Defendant expressly waives the right to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or for any other reason.

This waiver provision was discussed at his change of plea conference and at sentencing in terms of his direct appeal. The judge told him: "So if you want to appeal the issues that you raised here today about whether the armed career offender statute applies, then you are free to do so." There was no discussion, however, of Shepherd's waiver of collateral challenges.

With the ACCA enhancement, Shepherd was sentenced to the mandatory minimum fifteen years in prison. On direct appeal, the Sixth Circuit affirmed this decision. *United States v. Shepherd*, 408 F. App'x 945 (6th Cir. 2011) (per curiam). Shepherd then filed a motion for relief under 28 U.S.C. § 2255 in the Western District of Kentucky, which was denied. Shepherd appealed that as well, and the Sixth Circuit declined to issue a certificate of appealability, writing that "Shepherd's

plea agreement includes an express waiver of the right to col-laterally attack his sentence under § 2255." *Shepherd v. United States*, No. 12-5014 (6th Cir. Feb. 14, 2013) (order). Shepherd then filed several successive § 2255 motions in the Sixth Circuit between 2014 and 2016. Most recently, Shepherd sought leave in the Sixth Circuit to file a successive § 2255 motion to challenge his ACCA sentence based on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Shepherd argued that he no longer qualified as an armed career criminal because his prior Kentucky burglary convictions were counted as violent felonies under the so-called residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) that *Johnson* held unconstitutionally vague. The Sixth Circuit denied that motion in November 2016, ex-plaining that Shepherd's sentence depended not on the resid-ual clause but on burglaries as violent felonies enumerated in § 924(e)(2)(B)(ii):

> Shepherd was classified as an armed career be-cause he had three prior Kentucky convictions for second-degree burglary. The district court specifically found at sentencing that the bur-glary convictions constituted "generic" burgla-ries and thus were proper predicates under the ACCA's enumerated offenses clause. We also found on direct appeal that Shepherd's second-degree burglary convictions were "generic" burglaries that fell under the enumerated of-fenses clause. . . . Because Shepherd's predicate offenses were counted under the enumerated offenses clause rather than the residual clause, Shepherd has not made a prima facie showing

that he is entitled to relief under *Johnson*. *See
Johnson*, 135 S. Ct. at 2563.[1]

*In re Joshua Shepherd*, No. 16-5795 (6th Cir. Nov. 16, 2016) (order).

Finally, in 2017, Shepherd filed a petition for relief under 28 U.S.C. § 2241(c)(3) in the Southern District of Indiana, where he is in prison. He argued that Kentucky's burglary statute is overbroad under *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), so that his convictions should not count as ACCA predicates. The district court dismissed the petition under 28 U.S.C. § 2244(a), reasoning that it need not consider it because the Sixth Circuit had previously determined the legality of Shepherd's detention in 2016. Shepherd has appealed to this court.

II. *Analysis*

We review the denial of a § 2241 petition without deference to the district court's analysis of the legal issues. *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012). The ACCA lists burglary as one of several "violent felonies" that can enhance a defendant's felon-in-possession sentence. 18 U.S.C. §§ 924(e)(1), (e)(2)(B)(ii). However, a state burglary offense constitutes "burglary" under the ACCA only if the state burglary statute describes the "generic" version of the crime. *Descamps v. United States*, 570 U.S. 254, 257 (2013). Generic burglary, under this statutory provision, "contains at least the

---

[1] In his reply brief in that appeal, Shepherd had put forward the argument that is the subject of his current § 2241 motion—that the Supreme Court's new rule in *Mathis v. United States*, 136 S. Ct. 2243 (2016), warranted relief. However, the Sixth Circuit did not address *Mathis* in its order denying this successive motion.

following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). To decide whether a particular conviction qualifies, courts must use a "categorical approach," focusing "on whether the elements of the crime of conviction sufficiently match the elements of generic burglary." *Mathis*, 136 S. Ct. at 2248. In *Mathis*, the Supreme Court recently held that Iowa's burglary statute "covers more conduct than generic burglary" because it "reaches a broader range of places: 'any building, structure, [*or*] *land, water, or air vehicle*.'" 136 S. Ct. at 2250 (citation omitted).

These issues under ACCA are being sorted out crime by crime and state by state. Kentucky law provides: "A person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling." Ky. Rev. Stat. Ann. § 511.030. This definitional section is included in the same chapter of the statute:

> The following definitions apply in this chapter unless the context otherwise requires:
>
> (1) "Building," in addition to its ordinary meaning, means any structure, vehicle, watercraft or aircraft:
>
>> (a) Where any person lives; or
>>
>> (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation.

> Each unit of a building consisting of two (2) or more units separately secured or occupied is a separate building.

(2) "Dwelling" means a building which is usually occupied by a person lodging therein.

(3) "Premises" includes the term "building" as defined herein and any real property.

Ky. Rev. Stat. Ann. § 511.010.

In *United States v. Malone*, 889 F.3d 310, 313 (6th Cir. 2018), the Sixth Circuit answered the question that controls the merits of Shepherd's § 2241 petition—whether Kentucky second-degree burglary is "generic burglary" for purposes of the ACCA. Its answer was yes. *Malone* held that Kentucky second-degree burglary is generic burglary because the statute applies only to buildings in the ordinary sense. *Id.* The court reasoned that "dwelling" in § 511.030(1) encompasses only "buildings" as *Taylor* understood the term and does not incorporate the broader "building" definition in Kentucky's separate definitional statute, § 511.010(1). See 889 F.3d at 312–13. To arrive at this conclusion, the court compared the language of the different definitions quoted above. The key difference is that the definition of "dwelling" refers to a building generally, while the definition of "premises" refers to "'building' *as defined herein*." *Id.*, citing § 511.010. Thus, the definition of "premises" explicitly includes § 511.010(1)'s special "building" definition, and it can therefore include "vehicle[s], watercraft, or aircraft." *Id.* By contrast, the definition of "dwelling" does not include that specialized definition since it does not say building "as defined herein." *Id.* Kentucky's second-degree burglary statute's use of the term "dwelling" means it

applies to buildings generally, within the meaning of generic burglary under ACCA, and not to vehicles, watercraft, and the like, which would expand the state offense beyond the scope of generic burglary for purposes of ACCA. A Kentucky conviction for second-degree burglary thus falls within the scope of a burglary conviction under ACCA.

We agree with the reasoning of our colleagues in the Sixth Circuit. Even if Shepherd could overcome all of the procedural obstacles to his petition, he was properly sentenced under the Armed Career Criminal Act. The district court's denial of Shepherd's petition under 28 U.S.C. § 2241 is

AFFIRMED.