NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0351n.06

No. 18-5842

**FILED**
Jul 10, 2019
DEBORAH S. HUNT, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| JOSHUA BOLIN, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:    ROGERS, BUSH, and LARSEN, Circuit Judges.

ROGERS, Circuit Judge. Joshua Bolin was convicted of being a felon in possession of firearms under 18 U.S.C. § 922(g)(1). The district court determined he was an Armed Career Criminal under 18 U.S.C. § 924 because he had numerous prior convictions for Kentucky second-degree burglary. On appeal, Bolin challenges his ACCA enhancement on the ground that Kentucky second-degree burglary is broader than the generic offense of burglary and therefore is not categorically a "crime of violence" under the ACCA's enumerated offenses clause. Alternatively, he contends that Kentucky second-degree burglary is divisible, and therefore his case should be remanded to the district court to determine which variety of Kentucky second-degree burglary he committed. These challenges fail, however, because Kentucky second-degree burglary—in all its forms—is categorically a crime of violence.

As this court held in *United States v. Malone*, 889 F.3d 310 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1323 (2019), Kentucky second-degree burglary is not broader than the generic offense. 889 F.3d at 313. Bolin contends that *Malone* was wrongly decided, but we are bound by that published holding. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Moreover, Bolin's only argument as to *why Malone* was incorrect has now been addressed by the Supreme Court, and not in Bolin's favor. Bolin contends that Kentucky second-degree burglary covers "remaining in" burglary, where a person lawfully enters a building but then remains there unlawfully, and that such "remaining in" burglary is broader than the generic burglary Congress was thinking of when it enacted the ACCA. In *Quarles v. United States*, 139 S. Ct. 1872 (2019), the Supreme Court unanimously held that remaining-in burglary was a generic burglary. 139 S. Ct. at 1880. Thus, even if Kentucky second-degree burglary covers remaining-in burglary it is not overbroad.

*Quarles* not only disposes of Bolin's primary argument, but it also dooms his alternative divisibility challenge. Bolin contends that Kentucky second degree burglary is divisible and so we must remand for the district court to determine which variety of Kentucky second degree burglary Bolin committed (ten times). Even if he is correct as to divisibility, *see United States v. Slaughter*, 751 F. App'x 659, 663–64 (6th Cir. 2018), that does not require a remand because the alternate variety of Kentucky burglary relied upon by Bolin is remaining-in burglary. After *Quarles*, it is clear that both varieties of Kentucky second-degree burglary fall within the generic offense of burglary.

The judgment of the district court is affirmed.