**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN CHRISTOPHER CHANEY, | No. 18-15973 |
| Petitioner-Appellant, | D.C. No. 4:16-cv-00647-RCC |
| v. | |
| BARBARA VON BLANCKENSEE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted September 9, 2019
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Steven Chaney appeals the dismissal of his 28 U.S.C. § 2241 habeas petition

challenging his sentence for being a felon in possession of a firearm in violation of

the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Chaney's

sentence was enhanced by five years over the otherwise applicable statutory

maximum because his sentencing court, the United States District Court for the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Eastern District of Kentucky, concluded that his three prior convictions for second-degree burglary under Kentucky law qualified as "violent felonies" under ACCA.

After the time to file a direct appeal of that sentence had expired, and after Chaney had filed an unsuccessful motion in his sentencing court to set aside his sentence under 28 U.S.C. § 2255 on grounds unrelated to those raised here, the Supreme Court decided two cases interpreting ACCA, *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), which overruled Sixth Circuit precedent and which Chaney contends provide a new argument that his sentence is invalid.

Relying on the so-called "escape hatch" of 28 U.S.C. § 2255(e), Chaney presented this argument in a § 2241 petition filed in his custodial court, the United States District Court for the District of Arizona. In the operative petition, Chaney contends that, under *Descamps* and *Mathis*, the indivisible elements of Kentucky second-degree burglary cover a broader range of conduct than the generic definition of burglary used in ACCA's enumerated offenses clause, precluding prior convictions for the offense from being considered violent felonies for ACCA purposes, and that there is therefore no statutory basis for the five-year ACCA enhancement the Kentucky district court imposed.

The Arizona district court held that it had jurisdiction over Chaney's petition under the escape hatch, but dismissed the petition on the merits. Evaluating

jurisdiction over Chaney's § 2241 petition as of the time he filed it, *see Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Smith v. Campbell*, 450 F.2d 829, 832 (9th Cir. 1971), and reviewing de novo, *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), we affirm.

1. The Arizona district court had jurisdiction under the escape hatch to entertain Chaney's § 2241 petition because he (1) makes a claim of actual innocence from his sentence, *see Allen v. Ives*, -- F.3d --, 2020 WL 878523, at *3-7 (9th Cir. Feb. 24, 2020) (holding that claims that a petitioner is actually innocent of a noncapital sentence under *Descamps* and *Mathis*, including but not limited to claims that a petitioner's sentence exceeds the statutory maximum, are claims of actual innocence cognizable under the escape hatch); and (2) has not had an "unobstructed procedural shot" at presenting that claim, *see id.* at *3 (quoting *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012)).[1]

Chaney lacked an unobstructed procedural shot at presenting his claim because it was based on Supreme Court decisions that "effect[ed] a material

---

[1] We reach this conclusion in accordance with our recent decision in *Allen*, prior to which the cognizability of sentencing claims under the escape hatch was an open question in our court. *See* 2020 WL 878523, at *4; *Marrero*, 682 F.3d at 1193-95. Although we note that the mandate has not yet issued in *Allen*, because any subsequent modification or reconsideration of that decision would have no effect on the outcome of this case given that Chaney's petition will ultimately fail either for lack of jurisdiction (if the rule announced in *Allen* is reconsidered and reversed) or on the merits (if the rule announced in *Allen* remains binding),we proceed under our existing caselaw.

change in the applicable law," *Alaimalo v. United States*, 645 F.3d 1042, 1047-48 (9th Cir. 2011) (quoting *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008)), and because the timing of those decisions meant his claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion," *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1061 (9th Cir. 2003). At the time he filed his initial § 2255 motion, binding law in the circuit of his conviction foreclosed his claim that the indivisible elements of Kentucky second-degree burglary described a categorically overbroad offense. *See United States v. Ozier*, 796 F.3d 597, 601-02 (6th Cir. 2015), *abrogated by Mathis*, 136 S. Ct. at 2251 n.1; *United States v. Armstead*, 467 F.3d 943, 947-48 (6th Cir. 2006), *abrogated by Descamps*, 570 U.S. at 260 & n.1. By the time the Supreme Court invalidated the Sixth Circuit's prior approaches to interpreting ACCA's enumerated offenses clause,[2] Chaney had already exhausted his first § 2255 motion, and his *statutory*

---

[2] Even if Chaney could have had some claim under prior Sixth Circuit law that his burglary convictions did not constitute generic burglary within the meaning of ACCA's enumerated offenses clause, a court in the Sixth Circuit likely would have rejected Chaney's challenge to his ACCA enhancement on the alternative basis that Kentucky second-degree burglary qualified as an ACCA predicate under ACCA's residual clause. *See* 18 U.S.C. § 924(e)(2)(B)(ii); *United States v. Phillips*, 752 F.3d 1047, 1051 (6th Cir. 2014) (rejecting void-for-vagueness challenges to the clause), *abrogated by Johnson v. United States*, 135 S. Ct. 2551 (2015); *United States v. Coleman*, 655 F.3d 480, 482-83 (6th Cir. 2011), *abrogated by Johnson*, 135 S. Ct. at 2551. When the Supreme Court in *Johnson* held that the residual clause was unconstitutionally vague, *see* 135 S. Ct. at 2563, it thereby removed an additional obstacle to Chaney's ability to challenge his ACCA enhancement—but only after he had already exhausted his first § 2255 motion.

actual innocence claim could not have met the requirements for permission to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015); *Stephens*, 464 F.3d at 898.

Accordingly, as of the time Chaney filed it, the district court had jurisdiction over Chaney's § 2241 petition.[3]

2. On the merits, however, each of Chaney's three arguments that, under *Descamps* and *Mathis*, Kentucky second-degree burglary is broader than generic burglary is foreclosed by more recent decisions issued by the Supreme Court.

First, the "breaking and entering" element of Kentucky second-degree

---

[3] We reject the Government's suggestion at argument that jurisdiction in this particular case must be lacking because, if we were to rule for Chaney, we would necessarily do so for reasons in conflict with Sixth Circuit law. *See United States v. Malone*, 889 F.3d 310, 311 (6th Cir. 2018) (holding, after *Descamps* and *Mathis* were decided, that "Kentucky second-degree burglary categorically qualifies as generic burglary under the ACCA"). Although it may be an open and difficult question which court would be responsible for any resentencing following a petitioner's successful appeal in a § 2241 proceeding, and although some § 2241 petitions may present complicated questions about enforcement, that does not mean the escape hatch excludes challenges like Chaney's as a jurisdictional matter. There is no reason to think that availability of the escape hatch should turn on where a given petitioner happens to be incarcerated. Moreover, although the Government suggests that this dilemma is limited to this case, there is no reason why the same issue could not arise in any § 2241 petition challenging a conviction for which success would require resentencing—such as a petition challenging the legality of one of several convictions. Congress drafted the escape hatch to include no suggestion that it would apply only to petitioners sentenced and incarcerated in the same circuit.

burglary is not overbroad on the grounds that Kentucky permits convictions for so-called "remaining-in" burglary in cases in which a person initially lawfully enters premises open to the public, because the Supreme Court explained in *Quarles v. United States*, 139 S. Ct. 1872 (2019), that the generic definition of burglary encompasses this kind of conduct. *See id.* at 1877 (explaining that, when ACCA was enacted, a majority of states "extend[ed] burglary to cover situations where a person enters a structure lawfully but stays unlawfully—for example, by remaining in a store after closing time without permission to do so"). Second, Kentucky second-degree burglary is not overbroad on the grounds that it fails to require that the intent to commit a crime be formed at or before the first moment of unlawful presence, because the Supreme Court in *Quarles* rejected the argument that generic burglary has such a contemporaneous intent requirement. *See id.* at 1875, 1877-79 (explaining that generic burglary includes situations in which a "defendant forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure"). Third, the locational element of Kentucky second-degree burglary is not overbroad on the grounds that Kentucky defines a "building" that may be the site of a burglary to include vehicles, watercraft, and aircraft, where "any person lives," Ky. Rev. Stat. § 511.010(1), because the Supreme Court in *United States v. Stitt*, 139 S. Ct. 399 (2018), held that generic burglary includes burglary of "a structure or vehicle that has been adapted or is customarily used for overnight

6

accommodation." 139 S. Ct. at 403-04.[4] *Quarles* and *Stitt* therefore plainly foreclose each of Chaney's arguments that Kentucky second-degree burglary is categorically overbroad.

**AFFIRMED.**

---

[4] Nor is Kentucky second-degree burglary overbroad under *United States v. Wenner*, 351 F.3d 969 (9th Cir. 2003), as Chaney briefly suggests, on the grounds that its locational element may include places used for a purpose other than overnight occupancy. This type of purported overbreadth was not the basis for our decision in *Wenner*; rather, we held that the locational element of Washington burglary was overbroad because it included structures like fenced areas. *See id.* at 972-73. And Chaney gives no reason to think Kentucky burglary can similarly occur in such structures: while the Washington statute expressly included "fenced area[s]" in its definition of "building or structure," *see id.* at 972 (citing Wash. Rev. Code §§ 9A.04.110(5), 9A.04.110(7)), Kentucky burglary does not, *see* Ky. Rev. Stat. §§ 511.010(1)-(2), 511.030(1), and 511.090(1)-(2).