**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2022[*]
Decided March 10, 2022

*By the Court:*

No. 21-2202

| | |
|---|---|
| WILLIAM A. WHITE, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| *v.* | |
| | No. 19-CV-1291-SPM |
| DANIEL SPROUL, | |
| *Respondent-Appellee.* | Stephen P. McGlynn, *Judge.* |

## O R D E R

Federal prisoners may now receive up to 54 days of good-conduct credit for each year of their prison term. 18 U.S.C. § 3624(b). William White—an inmate currently in prison after, among other things, violating conditions of supervised release—petitions under 28 U.S.C. § 2241 to receive credit for his good conduct during an already-completed prison sentence. Like the district court, we conclude that he may receive sentencing credit only for his conduct during his current prison term and thus affirm.

This case involves two periods of incarceration. The first began in October 2008, when White was charged in the Northern District of Illinois for soliciting violence

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

against a juror. *See* 18 U.S.C. § 373. Before he stood trial in Chicago, he was convicted in a separate federal case in Virginia of other crimes. For those crimes, he was sentenced to 33 months in prison, a term that began in April 2010, which was to be followed by nearly three years of supervised release. After a jury convicted him in the Chicago case, the district court granted his motion for a judgment of acquittal in April 2011. By then, he had served the 33-month prison term (he was credited with 540 days of pretrial time served and 93 days of good-conduct time). The next day he began his term of supervised release.

White's second period of incarceration began in June 2012, when he was arrested for violating the conditions of his supervised release in the Virginia case. He was sentenced to 10 months of imprisonment for that violation. While he was serving that term, this court reversed the judgment of acquittal in his Chicago case, *see United States v. White*, 698 F.3d 1005, 1020 (7th Cir. 2012), and in February 2013, the district court sentenced him to 42 months in prison, to run concurrently with the remainder of his revocation sentence (about 4 months). White also received two lengthy sentences in 2014 for other federal crimes, to run consecutively to his other sentences. *See* 18 U.S.C. § 875(b), (c). Altogether, his current prison term lasts until 2037. The term reflects 132 days of prior custody credit that he earned awaiting trial or sentencing in his Chicago case.

White has petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2241, seeking good-conduct credit based on a change to 18 U.S.C. § 3624(b). The statute now grants up to 54 days of good-conduct credit to each qualifying prisoner for each year of a prison term "imposed by the court." 18 U.S.C. § 3624(b). (The statute previously based credits on prison time "served.") The government agrees with White that the change to § 3624 qualifies him for 200 more days of good-conduct credit for his current incarceration (the combined sentences for the revocation in the Virginia case, the Chicago conviction, and the 2014 convictions). But White also seeks an additional 27 days of credit by including in his calculation the Virginia case's original 33-month prison term—which ended in April 2011. He reasons that, because his current incarceration started when he violated conditions of his release in the Virginia case, the court should include in its calculation the underlying prison term from that case.

The district court granted White's petition in part but denied the part seeking the extra 27 days of credit based on the expired 33-month term. The court explained that White can receive good-conduct credit only for the prison term he is currently serving.

On appeal, White maintains that he is entitled to 27 more days of good-conduct time based on the 33-month prison term. We review the district court's decision de novo, *Shepherd v. Krueger*, 911 F.3d 861, 864 (7th Cir. 2018), and the text of § 3624(b) refutes White's argument. It states that a prisoner who "is serving" a term of imprisonment for more than one year may receive 54 days of credit for each year of "the prisoner's sentence imposed by the court." White "is serving" a combined prison "sentence" for his revocation of supervised release and the convictions in the Chicago case and the 2014 cases. But it is not accurate to say that he also "is serving" the 33-month prison sentence for the Virginia case. He completed that prison term in April 2011 and immediately began supervised release. "[P]rison and supervised release are not interchangeable." *United States v. Downs*, 784 F.3d 1180, 1182 (7th Cir. 2015). Thus, because that 33-month prison sentence ended before he began the current prison sentence that he "is serving," White cannot extract more credit from that expired prison term under § 3624(b).

White responds with two unavailing arguments. First, he contends that he "is serving" the 33-month prison term from the Virginia case because the Bureau of Prison has credited his current prison term with 540 days that he served in pretrial custody in the Virginia case. But he misstates the record. The Bureau credited his *previous* prison term—the 33-month sentence—with 540 days of pretrial custody time, which he accumulated before he was released in April 2011. By contrast, the Bureau has credited his *current* prison term with 132 days of prior custody credit—time that he accumulated only after his release from prison in the Virginia case in April 2011.

Second, by assuming that "in custody" under 28 U.S.C. § 2241 and "serving" a prison term under 18 U.S.C. § 3624(b) mean the same thing, White contends that the warden is estopped from arguing that he is not still "in custody" on his 33-month term. He points to two of his other post-conviction cases in which, in his view, courts ruled that he is still "in custody" on his 33-month term. *See White v. True*, 2020 WL 489429, at *2 (S.D. Ill. Jan. 30, 2020); *White v. United States*, 2015 WL 1257487, at *3 (W.D. Va. Mar. 18, 2015). The warden leaves this contention alone, but contrary to White's suggestion, the silence does not mean that White wins, for even when an appellee does not file a brief, the appellant need not prevail. *See Saccameno v. U.S. Bank Nat'l Ass'n*, 943 F.3d 1071, 1082 (7th Cir. 2019); *Krieger v. United States*, 842 F.3d 490, 499 (7th Cir. 2016).

Neither collateral nor judicial estoppel applies here because White's assumption is wrong. Collateral estoppel requires that the issue in this case be the same as the one decided in the earlier cases. *See Taylor v. Sturgell*, 553 U.S. 880, 891–92 (2008). True, the

earlier cases decided that White was "in custody" under § 2241. But a petitioner can be "in custody" even when not serving a prison term, *see United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001), and the prior rulings that White was "in custody" appear to be based on his sentence for violating his conditions of supervised release, not on his completed, 33-month prison term. Judicial estoppel does not apply either, because the warden's current position does not contradict an earlier one on which he prevailed. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 170 (2010).

AFFIRMED